### LOWRY v TRACY et

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17642. Decided Oct. 7, 1940.

J. A. Negin, Esq., Cleveland, for plaintiff-appellant.

Miller, Davis & Folk, Cleveland, for defendants-appellees.

### OPINION

By MORGAN, J.

In this case, the trial court granted a motion by the defendants for a directed verdict in their favor at the close of all the testimony.

In 1937, the Skillet, Inc., occupied premises at 1700 Euclid Avenue, in the City of Cleveland, belonging to the Tracy Estate, represented by the defendants herein. The plaintiff loaned to the Skillet, Inc., Three Thousand Dollars ($3,000.00) and received therefore a note and mortgage on chattels, which mortgage was duly recorded.

On October 19, 1937, the Skillet, Inc., was adjudicated a bankrupt, and later the bankruptcy court granted a petition in reclamation filed by the plaintiff and rendered a judgment granting to him the chattels listed in his chattel mortgage. In December, 1937, some of the articles included in this mortgage were returned to the plaintiff.

In the instant case, the plaintiff claims that the defendants on or about April 12, 1938, converted to their own use all of the remaining chattels included in the chattel mortgage.

An examination of the plaintiff's Bill of Exceptions, with Exhibits, discloses that the defendants, through their attorney, at no time disputed the right of the plaintiff to remove from the premises all of the chattels included in the mortgage. It was the claim of the defendants that the mortgage included many articles which were fixtures attached to the realty, and could not be removed without injuring the defendants' property. Defendants claim that the fixtures had been forfeited to the defendants under the terms of the bankrupt's lease by its abandonment of the premises.

On April 14, 1938, Ben H. Davis, attorney for the defendants, wrote plaintiff's representative a letter in which there was repeated a quotation from a registered letter to Mr. Lowry dated December 1, 1937, as follows:

"This is to notify you that the estate of J. J. Tracy does not recognize your claim to any fixtures on any part of the demised premises and you are hereby notified not to attempt to remove the same."

That the defendants did not consider all of the articles included in the chattel mortgage to be fixtures, is shown by the fact that after sending the letter of December 1, 1937, the defendants permitted the plaintiff to remove some of the property included in his mortgage.

Later, on March 11, 1938, defendants' attorney sent a letter to the plaintiff in which the following was stated:

"Please arrange to remove your chattel property from the premises at your earliest convenience."

The letter of April 14, 1938, cannot be construed to contain a revocation of the plaintiff's authority to remove his chattels, but must be interpreted as a reassertion of defendants' claim that the plaintiff was not entitled to remove any fixtures.

The plaintiff could have removed the articles admitted to be chattels by the defendants, or could have filed an action in replevin for the remainder. He elected, however, to treat the letter of April 14, 1938, as a conversion of all of the remaining articles of the mortgage in defendants' possession.

In July, 1938, the defendants again offered to Mr. Kaplan, attorney for the plaintiff, certain chattels included in the mortgage. Mr. Kaplan replied that,

"We would not call for the stuff in view of the fact that we had filed our suit and it would prejudice our rights."

It is quite clear to us that there is no evidence in the record to show that the defendants converted to their own use all of the articles included in the mortgage. On the contrary, the defendants repeatedly requested the plaintiff to remove a part of the mortgaged property.

The plaintiff did not introduce any evidence which would enable a court or jury to separate the chattels which at all times the plaintiff could have removed from those articles referred to as fixtures by the defendants. Likewise, the plaintiff offered evidence only as to the value of all of the remaining mortgaged property on the theory that all had been converted.

The jury would have been required to speculate in determining the identity and the value of the property which the plaintiff had defendants' permission to remove as well as the identity and the value of the property which the defendants considered to be fixtures and to belong to them.

The plaintiff, by his petition, elected to stand or to fall on the proposition that by their attorney's letter of April 14, 1938, the defendants converted to their own use all of the remaining property included in the chattel mortgage.

Inasmuch as the plaintiff failed completely in his proof there was no error in the action of the trial court in directing a verdict for the defendants.

The judgment of the Municipal Court of Cleveland is therefore affirmed.

TERRELL, PJ. & LIEGHLEY, J., concur.